IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RODNEY L. LOVE,
       *Petitioner*

§
§
§
§

v.

§
§

NO. A-21-CV-1021-RP-DH

UNITED STATES OF AMERICA,
       *Defendant*

§
§
§

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Rodney L. Love's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 1. The District Court referred this Petition to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1, Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

## I.  BACKGROUND

Love is currently imprisoned in Bastrop Federal Correctional Institution, located in Bastrop, Texas. Per his Petition, he was sentenced in federal court in Nashville, Tennessee on January 29, 2004. He submits that he has filed a prior habeas petition pursuant to § 2255. In the habeas petition now before the Court, he claims he is "actually innocent" of the crimes upon which his United States Sentencing Guidelines career-offender status was based. He argues that because the two Tennessee state-law drug crimes used to enhance his sentence were only "attempts," and the Guidelines definition of a "controlled substances offense" does not

1

include "attempts," he should not have been sentenced as a career offender. He requests modification of his sentence on this basis.

## II.  ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Love cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has

determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904).

Love has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Love does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather he challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction). In *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Love does in this case, that he was erroneously sentenced. 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an en banc decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id.* at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

Additionally, the Fifth Circuit has expressly determined that a claim of actual innocence of the career-offender sentencing enhancement "is not a claim of actual

innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F. 3d 209, 213-14 (5th Cir. 2000)). And, the Fifth Circuit has affirmed a district court's dismissal of a § 2241 petition that attempted to challenge whether prior state drug convictions could still qualify as sentence enhancement predicates under 21 U.S.C. § 851. *See Spotts v. Lara*, 728 F. App'x 409, 410 (5th Cir. 2018) ("We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e).").

Further, Love's specific case law arguments also fail to show any entitlement to relief. Love argues that he is actually innocent of a sentencing enhancement as a result of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *DesCamps v. United States*, 570 U.S. 254 (2013). The Fifth Circuit has expressly rejected any effort to challenge a sentencing issue under the savings clause based upon *Mathis* or *Descamps*. *See Hayes v. Willis*, 779 F. App'x 248 (2019) ("Hayes may not invoke § 2255(e)'s savings clause to proceed under § 2241 because neither *Mathis* nor *Descamps* establishes that he was convicted of nonexistent federal offenses"). Love has not invoked the savings clause in reliance on *Mathis* and *Descamps*.

In sum, as Love does not contend that he is actually innocent of the charges for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of his sentence, the Court concludes that he is not entitled to relief under § 2241. Love's § 2241 petition must be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 385 (finding that a

court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Love's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Dkt. 1, for lack of jurisdiction.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 19, 2021.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE